# ORIGINAL

1 LEONARDO M. RAPADAS
United States Attorney
2 MARIVIC P. DAVID
Assistant U.S. Attorney
3 Sirena Plaza Suite 500
108 Hernan Cortez Avenue
4 Agana, Guam 96910
Telephone: (671) 472-7332
5 Telecopier: (671) 472-7334

6 Attorneys for the United States of America

**FILED**

DISTRICT COURT OF GUAM

MAY - 9 2007

MARY L.M. MORAN
CLERK OF COURT

7

## IN THE UNITED STATES DISTRICT COURT
8
### FOR THE DISTRICT OF GUAM
9

10 UNITED STATES OF AMERICA, ) CRIMINAL CASE NO. 07-00041
)
11 Plaintiff, )
)
12 vs. ) **PLEA AGREEMENT**
)
13 RIZI CHI a/k/a )
KYUNGAE KIM, )
14 )
Defendant. )
15 _____ )

16

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, RIZI CHI a/k/a

17 KYUNGAE KIM, enter into the following plea agreement:

18 1. The defendant agrees to waive indictment and enter a guilty plea to an Indictment

19 charging her with False Use of a Passport, in violation of Title 18 U.S.C. § 1543.

20 2. The defendant, RIZI CHI a/k/a KYUNGAE KIM, understands that the maximum

21 sentence for False Use of a Passport, 18 U.S.C. § 1543, is ten (10) years incarceration, a

22 $250,000 fine, and a $100 special assessment fee. The defendant also understands that any

23 sentence imposed shall include a term of supervised release of not more than three (3) years in

24 addition to such terms of imprisonment as well as such restitution as the court may order and a

25 $100 special assessment fee. The $100 special assessment fee must be paid at the time the guilty

26 plea is entered or at the time of sentencing. If defendant violates a condition of supervised

27

28                                          1

release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her to not more than two (2) years of incarceration pursuant to 18 U.S.C. §3583(e)(3). In exchange for the timely resolution of this case, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines, and credit for time served, if any.

3. The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of false use of a passport, the government must prove each of the following elements beyond a reasonable doubt:

First: The defendant willfully and knowingly used or attempted to use a false and altered passport in the name of Kyungae Kim; and

Second: The defendant knew the passport was false and had been altered.

5. The defendant understands that the United States Probation Office will calculate a "sentencing range" within the United States Sentencing Guidelines. The defendant understands the Sentencing Guidelines are advisory, but will be used by the District Court in fashioning the sentence. The defendant acknowledges that should there be discrepancies in the final sentencing guideline's range projected by her counsel or any other person, such discrepancy is not a basis to withdraw her guilty plea. The defendant also understands that the facts she stipulates to herein will be used by probation, pursuant to § 1B1.2 of the Sentencing Guidelines, in calculating the advisory guidelines level:

6. The government and the defendant stipulate and agree to the following facts for purposes of the Sentencing Guidelines and that the Sentencing Guidelines range shall be determined from the facts set forth herein, to wit:

a. The defendant was born in 1960, and is a citizen of the Peoples Republic of China.

b. On March 29, 2007, defendant knowingly and willfully presented a false and altered

2

Republic of Korea passport (no. YP1672740) in the name of Kyungae Kim to a U.S. Customs and Border Protection inspector for the purpose of gaining entry into the United States. Defendant's true name is Rizi Chi. At the time defendant presented the passport she knew that it did not belong to her, and was altered with a photo of the defendant. In China, the defendant gave a photo of herself to a Korean male, and paid him 5,000 CYR (China Yuan Renminbi), or approximately $600 USD, for the false passport.

7. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence actually imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from her criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

8. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a. the nature and elements of the charges and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b. her right to be represented by an attorney;

c. her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

d. that if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives

3

1    up, the right to a trial;

2        e. Because this plea is entered pursuant to Federal Rule of Criminal Procedure

3    11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the

4    court does not accept the sentencing recommendation of the government or her counsel;

5        f. that, upon entry of a plea of guilty, or thereafter, the Court may ask her questions

6    about the offenses to which she has pled, under oath, and that if she answers these questions

7    under oath, on the record, her answers may later be used against her in prosecution for perjury or

8    false statement if an answer is untrue;

9        g. that she agrees that the plea agreement is voluntary and not a result of any force,

10    threats or promises apart from this plea agreement;

11        h. that she reads, speaks, writes and understands Chinese, Mandarin dialect, and

12    Korean;

13        I. that she has had this agreement translated into her native language, and she fully

14    understands it; and

15        j. The defendant is satisfied with the representation of her lawyer and feels that her

16    lawyer has done everything possible for her defense.

17    DATED: 5/9/07

18                  RIZI CHI a/k/a KYUNGAE KIM
Defendant

19    DATED: 5/9/07

20                  JOHN GORMAN
21                  Federal Public Defender
                    Attorney for Defendant

22                  LEONARDO M. RAPADAS
                    United States Attorney
23                  Districts of Guam and NMI

24    DATED: 5/9/07

                    MARIVIC P. DAVID
25                  Assistant U.S. Attorney

26    DATED: 5/9/07

27                  JEFFREY J. STRAND
                    First Assistant U.S. Attorney

28

4